UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARILYN HEAD,

                 Petitioner,                Case No. 2:21-cv-10568
                                                                  Hon. Nancy G. Edmunds

v.

STATE OF FLORIDA,

                 Respondent.
_____/

**OPINION AND ORDER SUMMARILY DISMISSING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING CERTIFICATE OF APPEALABILITY**

Michigan resident Marilyn Head commenced this action by filing a "Petition for Writ of Habeas Corpus and Emergency Motion for Return of Child." (ECF No. 1.) Head indicates in the Civil Cover Sheet that the petition is being filed under 28 U.S.C. § 2254. (Id., PageID.3.) Head asserts that a state court in Florida improperly placed her 11-month-old son in foster care based on "information presented in a knowingly fraudulent UCCJEA (Uniform Child Custody Jurisdiction and Enforcement Act) petition by a government employee." (Id., PageID.1-2.)

After a petition for habeas corpus is filed, the Court must undertake preliminary review to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; see also 28 U.S.C. § 2243. If the Court determines that the petitioner is not entitled to relief, the Court must summarily dismiss the petition. *McFarland v. Scott*, 512 U.S. 849, 856 (1994); *Carson v. Burke*, 178 F.3d 434, 436 (6th Cir. 1999); Rule 4, Rules Governing § 2254 Cases.

The Court has jurisdiction to consider habeas corpus petitions only from persons who are "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §

2241(c)(3); see also 28 U.S.C. § 2254(a). The "custody" requirement for purposes of §§ 2241 and 2254, however, does not encompass disputes regarding legal custody of children. The Supreme Court conclusively resolved the issue in *Lehman v. Lycoming Cnty. Children's Agency*, 458 U.S. 502 (1982):

> [A]lthough the scope of the writ of habeas corpus has been extended beyond that which the most literal reading of the statute might require, the Court has never considered it a generally available federal remedy for every violation of federal rights. Instead, past decisions have limited the writ's availability to challenges to state-court judgments in situations where—as a result of a state-court criminal conviction—a petitioner has suffered substantial restraints not shared by the public generally. In addition, in each of these cases the Court considered whether the habeas petitioner was "in custody: within the meaning of § 2254.
>
> Ms. Lehman argues that her sons are involuntarily in the custody of the State for purposes of § 2254 because they are in foster homes pursuant to an order issued by a state court. Her sons, of course, are not prisoners. Nor do they suffer any restrictions imposed by a state criminal justice system. These factors alone distinguish this case from all other cases in which this Court has sustained habeas challenges to state-court judgments. Moreover, although the children have been placed in foster homes pursuant to an order of a Pennsylvania court, they are not in the "custody" of the State in the sense in which that term has been used by this Court in determining the availability of the writ of habeas corpus. They are in the "custody" of their foster parents in essentially the same way, and to the same extent, other children are in the custody of their natural or adoptive parents. Their situation in this respect differs little from the situation of other children in the public generally; they suffer no unusual restraints not imposed on other children. They certainly suffer no restraint on liberty as that term is used in *Hensley* and *Jones*, and they suffer no "collateral consequences"—like those in *Carafas*—sufficient to outweigh the need for finality. The "custody" of foster or adoptive parents over a child is not the type of custody that traditionally has been challenged through federal habeas. Ms. Lehman simply seeks to relitigate, through federal habeas, not any liberty interest of her sons, but the interest in her own parental rights.
>
> Although a federal habeas corpus statute has existed ever since 1867, federal habeas has never been available to challenge parental rights or child custody.
>
> * * *
>
> The considerations in a child-custody case are quite different from those present in any prior case in which this Court has sustained federal-court jurisdiction under § 2254. The federal writ of habeas corpus, representing as it does a profound interference with state judicial systems and the finality of state decisions, should be reserved for those instances in which the federal interest in individual liberty is so strong that it outweighs federalism and finality concerns. Congress has indicated

>no intention that the reach of § 2254 encompass a claim like that of petitioner. We therefore hold that § 2254 does not confer federal-court jurisdiction.

*Lehman*, 458 U.S. at 510-11, 515-16 (footnotes omitted); see also *Jacobson v. Summit Cnty. Children Services Bd.*, 202 F. App'x 88, 90 (6th Cir. 2006) ("It is true that the scope of habeas relief has been expanded since the time of the Founders, but none of these expansions suggest that federal habeas was meant to encroach on the area of state child custody determinations.") (citing *Lehman*).

Even if the petition is liberally construed as naming Head's son as the petitioner, he is nevertheless not "in custody" as that term is used in §§ 2241 and 2254. The Court therefore does not have subject matter jurisdiction over the petition for writ of habeas corpus.

**IT IS ORDERED**, that the petition for a writ of habeas corpus is **DISMISSED.**

**IT IS FURTHER ORDERED**, that a certificate of appealability is **DENIED**. See 28 U.S.C. § 2253(c)(2).

>s/ Nancy G. Edmunds
>Nancy G. Edmunds
>United States District Court Judge

Dated: April 5, 2021

3